**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DELVIS RAMIREZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>               Plaintiff,<br>   v.<br><br>GLOBAL THREAT SOLUTIONS, LLC, and KENNETH BOMBACE,<br><br>               Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff DELVIS RAMIREZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Corporate Defendant GLOBAL THREAT SOLUTIONS, LLC, and Individual Defendant KENNETH BOMBACE ("Individual Defendant," collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including

1

unpaid overtime, due to time-shaving, (2) unreimbursed uniform maintenance costs, (3) statutory penalties, (4) liquidated damages; and (5) attorneys' fees and costs.

3. Plaintiff further alleges, on an individual basis, that Defendants violated the New York Earned Safe and Sick Time Act ("ESSTA"), when Defendants retaliated against Plaintiff when the latter asserted his rights under the ESSTA. Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

4. Plaintiff additionally alleges, on an individual basis, that Defendants unlawfully retaliated against him for taking sick leave in violation of the NYLL and seeks to recover from Defendants: (1) economic damages, (2) punitive damages, (3) compensatory damages, (4) damages for egregious emotional distress, and (5) attorneys' fees and costs.

5. Defendants operate a security and private investigation company which provides services to sites throughout New York, California, Nevada, Texas, Illinois, and Florida.

6. Plaintiff, potential collective members, and putative class members are current and former security guards and other similarly positioned employees of Defendants and were victims of Defendants' schemes to underpay employees. Specifically, despite requiring employees to work beyond their shift each day, Defendants would only compensate employees based on their scheduled work hours, rather than actual hours worked. Defendants' wage policies resulted in both pre-and-post-shift time-shaving.

7. Plaintiff brings this wage and hour class action on behalf of himself and all persons, who during the applicable limitations period up to and including the present, were similarly underpaid by Defendants in violation of protections afforded under the FLSA, and the laws and regulations passed in the following states:

1) New York: New York Labor Law, Article 19 § 650 et seq., and Article 6 § 190 *et seq.;*

2) Texas: Texas Minimum Wage Act, Texas Labor Code § 62.001 *et seq.;*
3) Nevada: Nevada Minimum Wage Amendment of the Nevada Constitution, Nev. Const. art. 15, §16, and the Nev. Rev. Stat. Chapt. 60;
4) California: California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and the California Labor Code and relevant Industrial Welfare Commission Wage Order;
5) Illinois: Illinois Minimum Wage Law § 210.100 *et seq.*; and
6) Florida: Florida's Unpaid Wages Statute, Fla. State. 448.08 *et seq.*

(Collectively, the "Relevant State Wage and Hour Laws," or "RSWHL")

8. Plaintiff, FLSA Collective Plaintiffs, and Class Members were all victims of Defendants' failure to pay wages, including overtime wages. Defendants instituted a nationwide policy of not compensating wages for all hours worked, including (i) not tracking actual hours worked, and (ii) compensating employees based on a fixed schedule, regardless of whether employees worked longer than their scheduled shifts.

9. Plaintiff brings this wage and hour class action on behalf of himself, and all Class Members employed by Defendants nationwide, who during the applicable state and federal limitations period (the "Class Period"), were similarly underpaid by Defendants in violation of protections afforded under the FLSA and the regulations of the above states.

10. To the extent that gap-time claims (claims for unpaid wages for hours worked up to forty (40) which do not implicate statutory minimum wage laws) or claims seeking damages for failure to pay for all hours of work, are not covered by the protection of a RSWHL, Plaintiff further alleges that he and others similarly situated are entitled to recover from Defendants the following, pursuant to breach of contract and unjust enrichment: (1) wrongfully withheld or diverted payments, (2) punitive damages due to egregious conduct, and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over

3

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.    Personal jurisdiction is proper as Corporate Defendant is registered in the State of New York.

13.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 as Corporate Defendant's principal place of business is in the district in which this Court sits.

## PARTIES

14.    Plaintiff, for all relevant time periods, was a resident of Queens County, New York.

15.    Defendants operate all the sites for which they provides security services through the same executive management team, from the same headquarters with the same policies and procedures:

   a.    Defendants maintain a centralized labor relations and human resources managing employees working at any site for which they provide security services. *See* **Exhibit A**, Corporate Defendant's website's homepage.

   b.    Defendants maintain the same website, where visitors can obtain information concerning Defendants' news, information and updates concerning Defendants' corporate affairs. *See* **Exhibit B**, Defendants' webpage dedicated to its blog.

   c.    Employees are interchangeable among Defendants' sites. Defendants frequently transfer employees to different sites during their employment.

   d.    Individual Defendant KENNETH BOMBACE is listed as CEO on Corporate Defendant GLOBAL THREAT SOLUTIONS, LLC's website, news articles, and his personal LinkedIn.

16.    Corporate Defendant is a domestic limited liability company organized under the laws of the State of New York with a headquarters and principal place of business located at 515 Madison

4

Avenue, New York, NY 10022 and an address for service of process listed at 2410 N Ocean Avenue, Suite 301, Farmingville, NY 11738.

17.     Individual Defendant KENNETH BOMBACE is the Chief Executive Officer of Corporate Defendant GLOBAL THREAT SOLUTIONS. Defendant BOMBACE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. At all relevant times, Defendant BOMBACE—by himself or through managerial staff—exercised the power to fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and Class Members. By himself or through managerial staff, Defendant BOMBACE would have the authority to effect any changes to the quality and terms of employees' employments, including changing their schedules, compensation, or terminating or hiring such employees. At all relevant times, Defendant BOMBACE exercised functional control over Corporate Defendants' businesses and its financial operations.

18.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

19.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

20.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to security guards, security officers, fire guards, and patrol guards, among others, employed by

Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

21.    At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

22.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

23.    Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to security guards, security officers, fire guards, and patrol guards, among others, employed by Defendants in the six (6) years, or the relevant statutory period of each jurisdiction's applicable labor law, before the filing of the Complaint (the "Class Members").

24.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identities of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendants' records. For

6

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

25. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

26. To the extent necessary, Plaintiff will designate subclasses for each of the states where Defendants have employees.

27. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including overtime, due to time-shaving, (ii) failing to reimburse uniform maintenance costs, (iii) failing to properly provide wage and hour notices, at date of hiring and annually; and (iv) failing to provide proper wage statements.

28. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

29. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

30.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

31.     Defendants and other employers throughout the country violate state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members

who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

32.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiff, FLSA Collective Plaintiffs, and Class Members;

b)    What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members;

c)    At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)    Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e)    Whether Defendants properly compensated Plaintiff and Class Members for their hourly rate and overtime rate;

f)    Whether Defendants paid Plaintiff and Class Members for the actual hours that they worked;

g)    Whether Defendants operated its business with a policy of failing to pay Plaintiff and Class Members for all their hours worked due to a policy of time-shaving;

h)    Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL;

i)    Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

j)    Whether Defendants reimbursed Plaintiff and Class Members for uniform maintenance costs incurred.

## STATEMENT OF FACTS

*Plaintiff's Employment Background:*

33.    In or around July 2025, Plaintiff was hired by Defendants to work as a security guard. During his employment, he was stationed at Columbia University, located at 116th and

Broadway, New York, NY 10027. Plaintiff was employed by Defendants until in or about December 2025, when he was terminated by Defendants for using his sick leave as explained in detail below.

34.    Throughout Plaintiff's employment, Plaintiff worked a regular schedule as shown in the table below.

| Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
|---|---|---|---|---|---|---|
| 4:00p.m. to 12:00a.m. | Off | 4:00p.m. to 12:00a.m. | 4:00p.m. to 12:00a.m. | 4:00p.m. to 12:00a.m. | Off | 4:00p.m. to 12:00a.m. |

35.    Plaintiff was scheduled to work forty (40) hours every week. However, Plaintiff worked over forty (40) hours during those weeks. Plaintiff would work his scheduled shift and additional hours which went uncompensated. FLSA Collective Plaintiffs and Class Members also worked schedules over forty (40) hours per week.

36.    At all times, Plaintiff, FLSA Collective Plaintiffs, and Class Members worked hours in excess of their scheduled hours for which they were not compensated.

37.    From the start of his employment to its end, Plaintiff was paid a base wage rate of $30.00 an hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

*Plaintiff's, FLSA Collective Plaintiffs', and Class Members' Wage Claims:*

38.    At all relevant times, Defendants failed to compensate Plaintiff, FLSA Collective Plaintiffs, and Class Members their proper wages for all hours they worked, due to Defendants' time-shaving, in violation of the FLSA and the RSWHL.

39.    At the beginning and end of each shift, Plaintiff and the incoming or outgoing guard were required to overlap for at least 15–20 minutes to complete a handoff and discuss any events

that occurred during the shift, even when both parties arrived on time. If the replacement guard arrived late, the prior shift guard would suffer even more off-the-clock work. At no time was Plaintiff compensated for any work performed outside of his scheduled shift hours. FLSA Collective Plaintiffs, and Class Members were similarly undercompensated. Attached as **Exhibit C** are a sample of Plaintiff's paystubs reflecting that Defendants compensated Plaintiff based on his exact scheduled shift and failed to compensate Plaintiff for his actual working time.

40.    At all relevant times, Defendants knowingly and willfully operated its business with a policy of failing to pay wages to Plaintiff, FLSA Collective Plaintiffs, and Class Members for all hours they worked, due to Defendants' policy of time-shaving, in violation of the FLSA and the RSWHL.

*Plaintiff's and Class Members' Uniform Expenses Claims*

41.    Plaintiff and Class Members were required to wear uniforms, which must be ironed and dry cleaned to work for Defendants. Defendants did not launder or maintain their required uniforms. Plaintiff was required to dry clean his uniform weekly at his own expense. Defendants did not reimburse Plaintiff for his uniform maintenance costs. Class Members were similarly required to pay for uniform maintenance costs on a weekly basis. At all times, Defendants failed to reimburse Plaintiff and Class Members for their uniform maintenance costs in violation of the NYLL.

42.    Plaintiff and Class Members each incurred costs of approximately $100 per month due to the maintenance of their uniforms.

*Plaintiff's and Class Members' Wage Theft Prevention Act Claims:*

43.    The State of New York has wage laws providing damages for the failure to provide accurate pay documents.  In violation of the Wage Theft Protection Act ("WTPA")—incorporated

11

into the NYLL—Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and Class Members at the beginning of their employment with Defendants.

44.     Defendants further violated the WTPA by failing to provide Plaintiff and Class Members with accurate wage statements, because wage statements that do not reflect the actual number of hours worked by the employee do not satisfy the requirements of the WTPA. *See Shi Yong Li v. 6688 Corp.*, 2013 U.S. Dist. LEXIS 148020, *6 (S.D.N.Y. Sept. 27, 2013) ("The wage statements provided failed to accurately indicate the amount of time *actually* worked by tipped employees") (emphasis added); *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 468 (E.D.N.Y. 2015) (holding that "the 'number of overtime hours' that appears on the wage statement should include every hour *actually* 'worked' by the employee") (emphasis added); *Campos v. Bkuk 3 Corp.*, 2021 U.S. Dist. LEXIS 151528, *30 (S.D.N.Y. Aug. 10, 2021) ("Thus, when paystubs were received, they were not accurate insofar as they did not accurately reflect the hours *actually* worked") (emphasis added).

45.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that entails a concrete harm to an interest identified by the New York State legislature. Following the decision in *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024), Courts have generally held that there is no categorical bar on Article III standing for WTPA claims. Instead, the Second Circuit found that "[t]he lack of such notices and statements might impair 'an employee's ability to seek relief for violations they may not have information about'" to an extent sufficient to support standing.

46.     New York Court continue to find sufficient standing to support standing to support these claims.  One such Court stated the following at Summary Judgment:

"Here, the Court determines that Plaintiffs have adequately alleged and established actual and concrete downstream harm as a result of Defendants' failure to provide the required wage and hour notices and wage statements. Plaintiffs have shown that "Defendants' violations impaired their ability to seek relief due to a lack of information." More than that, Plaintiffs have proved, and the Court agrees, that Defendants' failure to maintain proper wage statements because of their automatic meal-break deduction and eight-hour rounding led Plaintiffs to lose wages. These are exactly the types of harm that the Second Circuit considered to be sufficient to establish standing in *Guthrie*. Therefore, the Court finds for Plaintiffs on this issue."

*Sanchez v. Clipper Realty, Inc.*, 2026 U.S. Dist. LEXIS 36716, *61 (S.D.N.Y. February 23, 2026) (internal citations removed).

The Court finds Plaintiff sufficiently alleges injury under section 226. Plaintiff states that he was unable to ascertain how much he was owed and/or whether Bodum USA was actually calculating his commissions properly because Defendants failed to include any information about commissions on the wage statements. Under section 226, an "injury has occurred whenever the employee cannot easily determine ... rates of pay and all hours worked at each rate."

*Fox v. Bodum USA, Inc.*, No. CV 25-04249, 2025 LX 415800, at *27-28 (C.D. Cal. Oct. 7, 2025) (internal citations and quotations omitted).

47.    Here, Defendants' conduct is has led to exactly the kind of injury contemplated in *Guthrie* and *Sanchez.* By failing to inform Plaintiff and Class Members of the actual hours that they worked by not providing them with wage statements, Defendants were able to hide their wrongdoing, as Plaintiff and Class Members were unaware of the fact that they were being underpaid. Had Defendants provided proper wage statements to Plaintiff and Class Members which accurately listed the total number of hours Plaintiff and Class Members actually worked, as required by law, Defendants would have had to either (a) increase the wages to correspond to the hours actually worked or (b) forthrightly acknowledge, by way of the wage statement, that the employee's wages did *not* correspond to the hours the employee actually worked.

13

48.     By failing to report all of Plaintiff's and Class Members' hours, Defendants were able to reduce the employee earnings, and Defendants' contribution to those earnings, that they later reported to the IRS through the employee's W-2 form, as such information is derived from the information on employees' wage statements. The effect of reporting reduced wages on an employees' W-2 is, in turn, to reduce the amount of benefits available to the employee—such as unemployment benefits and social security benefits—as an employee's entitlement to benefits reflects how much money he or she is reported as having contributed to the social security system. As a result, Plaintiff and Class Members were irreversibly injured with respect to their benefits (including social security benefits)—a fact which Defendants were able to hide from them by failing to provide them with proper wage statements.

49.     Furthermore, Defendants failed to provide any wage notices to Plaintiff or Class Members. Even if Defendants' provided wage notices, the wage notices would have been inadequate as they would have failed to provide employees' actual pay rates, which were reduced by Defendants' time shaving.  Once again, had Defendants provided Plaintiff and Class Members with wage notices that communicated the rates that Defendants actually intended to pay them, Plaintiffs and Class Members would have been able to contest the unfair pay rates or choose not to take a job with Defendants. Instead, due to Defendants intentional hiding of that information, Plaintiffs and Class Members accepted their employments with Defendants without the knowledge that Defendants did not intend to be bound to their promised pay rates.

50.     Defendants knowingly and willfully operated their business with a policy of failing to provide Plaintiff and Class Members with wage notices and accurate wage statements, in violation of the NYLL and the RSWHL.

14

51.     At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NYLL and other state wage laws.

52.     At all relevant times, Defendants knowingly and willfully operated their business with a policy of not properly compensating the appropriate overtime rates (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs, and Class Members, including due Defendants' policy of time-shaving.

53.     At all relevant times, Defendants knowingly and willfully subjected Plaintiff, FLSA Collective Plaintiffs, and Class Members to time-shaving of hours worked in violation of the FLSA and the State wage laws.

*Plaintiff's Individual ESSTA and Retaliation Claims*

54.     In or about December 2025, Plaintiff took sick leave for one day due to food poisoning. Plaintiff was too sick to leave his home and informed Defendants that he would not be showing up for work that day.

55.     As a result, Plaintiff was removed from his assignment at Columbia University and was not given sufficient hours thereafter, essentially terminating his position with Defendants. *See* **Exhibit D**, Defendants' Email to Plaintiff on His Termination.

56.     When Plaintiff requested an explanation for his termination, Defendants cited his visible neck tattoo as the reason. Plaintiff had this neck tattoo at the time he was hired, and Defendants were aware of its existence. Moreover, Plaintiff is aware of other employees with visible tattoos, including face tattoos, who were not terminated on that basis. Defendants' stated reason is pretextual and serves to conceal the true motive for Plaintiff's termination. Namely, retaliation for Plaintiff's exercise of his right to take sick leave.

15

57.     Defendants violated the ESSTA and the NYLL when they terminated Plaintiff for asserting his right for leave to attend to his illness. Plaintiff asserted his rights to sick leave under the ESSTA, but Defendants discharged him for doing so.

58.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

59.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

60.     At all relevant times, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

62.      At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

63.     At all relevant times, Defendants had a policy and practice of failing to pay wages, including overtime, to Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked due to time-shaving in violation of the FLSA.

16

64. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

65. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours, when Defendants knew or should have known such was due as a consequence of Defendants' intentional policy of time-shaving.

66. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

68. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time-shaving; plus an equal amount as liquidated damages.

69. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

70. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

17

71.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2, 651.

72.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members all wages, including overtime, due to time-shaving, in violation of the NYLL, including §198 and §663.

73.     At all relevant times, Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek due to time-shaving in violation of NYLL, including § 198 and § 663.

74.     Defendants knowingly and willfully failed to provide accurate wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

75.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

76.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time-shaving; unreimbursed uniform maintenance costs; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

**COUNT III**
**VIOLATION OF APPLICABLE STATE WAGE AND HOUR LAWS**
**(brought on behalf of a Rule 23 Class)**

77.     Plaintiff repeats and re-alleges every previous allegation in this complaint as if fully

18

set forth herein.

78.    At all relevant times, Class Members were employed by Defendants within the meaning of the RSWHL, just as Plaintiff was employed by Defendants under the meaning of the FLSA.

79.    Plaintiff can represent the Class because the requirements of the FLSA and the requirements of the RSWHL enumerated earlier are identical for purposes of their overtime class claims.

80.    Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them for all hours worked, including the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a policy of underreporting employees' hours, in violation of the RSWHL outlined above.

81.    Defendants knowingly and willfully failed to provide proper wage statements and notices to Subclass members, as required under the laws of New York, Nevada, Texas, California, and Illinois.

82.    Due to Defendants' RSWHL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid compensation for all hours worked, unpaid overtime premiums, unreimbursed uniform maintenance costs, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

83.    In addition to violations of RSWHL overtime laws under which Plaintiff brings class (not individual) claims, Defendants violated RSWHL provisions requiring employers to pay employees all wages owed. Since overtime wages are owed under the FLSA, these laws encompass Class Members' claims.

84.    Some states' wage and hour or wage payment statutes may prescribe means other

19

than class actions for pursuing common claims. Any state restrictions on class actions are irrelevant, however, as this case was filed in federal court, where the Federal Rules of Civil Procedure hold. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 400, 130 S. Ct. 1431, 1438 (2010) (F.R.C.P. 23 authorizes "class actions across the board" notwithstanding state law restrictions on class actions.); *Dremak v. Iovate Health Scis. Grp., Inc. (In re Hydroxycut Mktg. & Sales Practices Litig.)*, 299 F.R.D. 648, 654 (S.D. Cal. 2014) ("[A]pplication of Rule 23 to Plaintiffs' [FBPA] claims does not run afoul of the Rules Enabling Act. Rule 23 governs Plaintiffs' claims, and Plaintiffs' claims are not subject to dismissal based on the state statutes prohibiting class actions.").

## COUNT IV

### INTERFERENCE AND RETALIATION UNDER THE EARNED SICK AND SAFE TIME ACT
### (brought individually on behalf of Plaintiff)

85.    Plaintiff realleges and incorporates all the foregoing paragraphs of this Complaint as fully set forth herein.

86.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of the ESSTA and was a person covered by and intended to benefit from the provisions of the ESSTA.

87.    Defendants knowingly and willfully failed to provide Plaintiff with proper sick leave as required under the ESSTA.

88.    Defendants are employers covered by ESSTA's sick leave provision as "[a]ll employers shall provide a minimum of 1 hour of safe/sick time for every 30 hours worked by an employee." NYC Admin. Code § 20-913(b).

89.    Defendants are required to give employees sick leave for "employee's mental or physical illness, injury or health condition or need for medical diagnosis, care or treatment of a

20

mental or physical illness, injury or health condition." NYC Admin. Code § 20-914(1)(a).

90.    The ESSTA makes it unlawful for an employer to "take any adverse action against an employee that penalizes an employee for . . . exercising or attempting to exercise rights under [the ESSTA]." NYC Admin. Code § 20-918(b). "Adverse actions include, but are not limited to, threats, intimidation, discipline, discharge, demotion, suspension, harassment, discrimination, [and] reduction in hours or pay." NYC Admin. Code § 20-918(c).

91.    Defendants willfully violated the ESSTA by retaliating against Plaintiff by constructively discharging him shortly after he asserted his right to take sick leave for one day.

92.    Due to Defendants' ESSTA violations, Plaintiff seeks all applicable remedies under the law, including compensatory damages, punitive damages, and attorneys' fees and costs.

## COUNT V

## RETALIATION UNDER NEW YORK LABOR LAW

93.    Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

94.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of the NYLL and was a person covered by and intended to benefit from the provisions of the NYLL.

95.    Defendants willfully violated the NYLL by retaliating against Plaintiff by discharging him shortly after he asserted his right to take sick leave for one day. *See* NYC Admin. Code §20-913(b), §20-914(1)(a).

96.    In response to Plaintiff taking sick leave, Defendants terminated Plaintiff in violation of Section 215(1)(a).

97.    Defendants' actions constitute a violation of Section 215 of the NYLL. In relevant

21

part, § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . (viii) because such employee has used any legally protected absence pursuant to federal, local, or state law.

N.Y. Lab. Law § 215(1(a).

98.     Defendants' conduct was in willful disregard of the provisions of the NYLL.

99.     As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of back pay from lost earnings, compensatory damages, and punitive damages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interests, attorneys' fees and costs, as provided for under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA, ESSTA, and the RSWHL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.   An award of unpaid wages, including overtime, due under the FLSA and the RSWHL, including those due to Defendants' time-shaving practices;

d.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime compensation, pursuant to the FLSA and the RSWHL;

e.  An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

f.  An award of unreimbursed uniform maintenance costs, due under the RSWHL;

g.  An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

h.  An award of back pay, front pay, compensatory damages, punitive damages, and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the NYLL;

i.  An award of compensatory and punitive damages under the ESSTA;

j.  An award of all owed benefits owed pursuant to the RSWHL;

k.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representatives of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 8, 2026                    Respectfully submitted,

                                      **LEE LITIGATION GROUP, PLLC**

                                      By: */s/ C.K. Lee*

23

C.K. Lee, Esq. (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10012
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*