# LEE LITIGATION GROUP, PLLC

143 W. 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: 212-465-1188
cklee@leelitigation.com


October 16, 2026

**Via ECF**
Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Ramirez v. Global Threat Solutions, LLC, et al.*,
Case No.: 1:26-cv-03829 (LJL)

Dear Judge Liman:

We represent Plaintiff Delvis Ramirez in the above-referenced action. We write pursuant to Local Civil Rule 7.1(d) to supplement the record on Plaintiff's pending motion for conditional certification of an FLSA collective (ECF Nos. 32–35) with the declaration of newly appearing claimant Lloyd Taylor. *See* **Exhibit A** (Claimant Taylor's Declaration); **Exhibit B** (Claimant Taylor's Consent to Sue).

Plaintiff filed his motion on October 13, 2026, and Mr. Taylor—a former GTS security guard—came forward on October 15, 2026, two days after the motion was filed. Defendants' opposition is not due until November 12, 2026 (almost 4-weeks from today), so they may address the declaration in that filing and no party is prejudiced. To the extent leave is required, Plaintiff respectfully requests it.

Mr. Taylor worked for Defendants as an hourly, unarmed security guard from November 2022 to November 2023. Taylor Decl. ¶¶ 1, 3. Defendants assigned him to three different client sites— a Chase Bank in Flushing, Queens; (ii) a Citibank in Manhattan; and (iii) a Capital One on 34th Street.

Mr. Taylor's experience provides even further corroboration that Defendants' pay policies and timekeeping systems affected all Covered Employees regardless of location of work.

- **Pay by schedule, not by recorded time.** Defendants paid Mr. Taylor for his scheduled shift hours only, even when he checked in before his scheduled start time or checked out after his scheduled end time. *Id.* ¶ 10. That is the rule Defendants' Employee Handbook sets for every GTS employee: "The workday, for pay purposes, begins at the start of the assigned shift each day." **Ex. A** (Employee Handbook) at DEFS_000176.
- **Mandatory, unpaid pre- and post-shift work.** Before each shift, Mr. Taylor had to be on post to take the "pass down" from the guard he was relieving before that guard

could leave; after each shift, he could not leave until his relief arrived and he had delivered the pass down. Taylor Decl. ¶¶ 11, 13. That is the same relief-and-pass-down requirement that Defendants' post orders impose and that Plaintiff describes. **Ex. B** (Post Orders) at DEFS_000214–221; Ramirez Decl. ¶¶ 12, 14. Defendants paid Mr. Taylor for none of that time. Taylor Decl. ¶¶ 12, 14.

- **Centralized timekeeping and supervision.** Mr. Taylor clocked-in-and-out using a phone app that used geo-location to ensure those clocked-in were on site. Taylor Decl. ¶ 8. Further, even if these clock records showed hours of work greater than his scheduled hours, Defendants still only paid for his scheduled hours, mirroring Plaintiff RAMIREZ's experience exactly. *Id.*
- **The same policy across sites and guards.** Defendants regularly transferred guards between sites, assigned Mr. Taylor himself to three of them, and paid him the same way at each. *Id.* ¶ 19. His co-worker Brian Scott told him that he, too, was paid only for his scheduled hours despite arriving early and staying late for his relief. *Id.* ¶¶ 17–18.

The common denominator is not the site; it is Defendants' payroll. That is precisely the showing that warrants notice to every guard on that payroll. *See Vilella v. Pup Culture LLC*, 2023 U.S. Dist. LEXIS 207911, at *15 (S.D.N.Y. Nov. 17, 2023) (Liman, J.) ("Since these documents evince a payroll violation, it stands to reason that other employees were similarly situated."); *Hossain v. Let's Eat, LLC*, 2025 U.S. Dist. LEXIS 118900, at *17 (S.D.N.Y. June 18, 2025) (evidence of a payroll violation shows "a 'factual nexus' between Named Plaintiffs and other potential opt-in plaintiffs who were on the same payroll"). Courts in this District routinely rely on declarations from co-workers at additional locations in setting the scope of notice. *See, e.g.*, *Grant v. Warner Music Grp. Corp.*, 2014 WL 1918602, at *4–5 (S.D.N.Y. May 13, 2014) (nationwide notice on declarations of the named plaintiff and three opt-ins); *Flood v. Carlson Rests., Inc.*, 2015 WL 260436, at *4 (S.D.N.Y. 2015) (nationwide notice on declarations from a handful of locations plus evidence of centralized control).

Plaintiff respectfully requests that the Court accept the Taylor Declaration as part of the record on the pending motion. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.